IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darnell Khan, ) | Civil Action No. 9:20-2653-BHH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Warden of Tallahatchie County Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |

Petitioner Darnell Khan ("Petitioner"), proceeding *pro se*, filed this habeas relief action pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Judge Molly H. Cherry, for pre-trial proceedings and a Report and Recommendation ("Report"). Currently before this Court are two Reports filed by the Magistrate. (ECF Nos. 22 & 38.)

The first Report (ECF No. 22) relates to the motions for injunctive relief Petitioner filed seeking access to the law library, access to the contract with CoreCivic, Inc. (authorizing his transfer to the Tallahatchie County Correctional Facility in Mississippi), and provision for a meaningful and safe way for his family to see him (ECF Nos. 16 & 21). On September 18, 2020, Magistrate Judge Cherry issued a Report recommending that the Court deny Petitioner's motions because the relief sought in his motions is not available in his Habeas Corpus proceeding. (ECF No. 22.) While Respondent Warden of Tallahatchie County Correctional Institution ("Respondent") filed a response in opposition to the first motion (ECF No. 20), Petitioner filed a late motion for extension of time to reply after the Report was filed. Even so, the extension was granted, and Petitioner filed his Reply on September 29, 2020 (ECF No. 26), but did not file objections to the Report.

The second Report (ECF No. 38) relates to the motion for summary judgment filed by Respondent on October 27, 2020 (ECF No. 35). Because Petitioner is *pro se* in this matter, the Court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on November 3, 2020, advising Petitioner of the importance of a dispositive motion and of the need to file an adequate response to Respondent's motion. (ECF No. 36.) To date, Petitioner has failed to file a response. Thus, Magistrate Judge Cherry recommends that this action be dismissed with prejudice for lack of prosecution. (ECF No. 38.)

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (citation omitted)).

In both Reports, the Magistrate Judge advised Petitioner of the right to file specific objections to the Report. (ECF Nos. 22 at 5; 38 at 4.) Petitioner has filed no objections to either Report.

After a thorough review of the record of this matter, the applicable law, and the Reports,

the Court finds no clear error. Accordingly, the Court adopts and incorporates the Reports (ECF Nos. 22 & 38) by reference herein. It is therefore ORDERED that this action be dismissed *with prejudice* for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims to be debatable or wrong and that any dispositive procedural ruling by this Court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

January 15, 2021
Charleston, South Carolina

*****
## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.